UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSEPH BEVILACQUA,

    Plaintiff,

v.

UNITED OF OMAHA LIFE
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, JOSEPH BEVILACQUA ("BEVILACQUA"), by and through his undersigned counsel, hereby sues UNITED OF OMAHA LIFE INSURANCE COMPANY ("OMAHA"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. BEVILACQUA brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. BEVILACQUA was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. OMAHA is a corporation with its principal place of business in the State of Nebraska,

authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, OMAHA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to BEVILACQUA by OMAHA.

6. BEVILACQUA was at all times material an employee of Palm Truck Centers, Inc.

7. By way of his employment, BEVILACQUA was at all times material a plan participant and a covered person under the Palm Truck Centers, Inc. Group Voluntary Long-Term Disability Benefit Policy, Policy Number GUPR-ATK8 (the "LTD Policy"), which is a Long Term Disability Insurance Policy that was issued and insured by OMAHA, of which Palm Truck Centers, Inc is the Policyholder.  It is pursuant to this LTD Policy to which BEVILACQUA is entitled to benefits.  A copy of the LTD Policy has been attached hereto as Exhibit "A."

8. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. OMAHA is the insurer of benefits under the LTD Policy and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, OMAHA administered the claim with a conflict of interest and the bias this created affected the claims determination.  As such, OMAHA is not entitled to a deferential standard of review.

11. OMAHA is the fiduciary charged with making benefit determinations under the LTD Policy including the determinations made on BEVILACQUA's claim at issue.

12. Pursuant to the terms and conditions of the LTD Policy, BEVILACQUA is entitled to LTD benefits for the duration of his disability, or until age 67, so long as he remains disabled as required under the terms of the LTD Policy.

13. According to the LTD Policy,

> *Disability* and *Disabled* mean that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which:
> a) during the Elimination Period, You are prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
> b) after the Elimination Period, You are:
>   1. prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
>   2. unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.
>
> After a Monthly Benefit has been paid for 2 years, *Disability* and *Disabled* mean You are unable to perform all of the Material Duties of any Gainful Occupation.
>
> Disability is determined relative to Your ability or inability to work. It is not determined by the availability of a suitable position with the Policyholder.

14. At all relevant times, BEVILACQUA complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

15. Since approximately November 15, 2019, BEVILACQUA has been disabled under the terms of the LTD Policy.

16. Since approximately November 15, 2019, because of an injury or sickness, a significant change in BEVILACQUA's mental or physical functional capacity has occurred and BEVILACQUA has been prevented from performing at least one of the Material Duties of his Regular Occupation on a part-time or full-time basis.

17. Since approximately November 15, 2019, because of an injury or sickness, a significant change in BEVILACQUA's mental or physical functional capacity has occurred and BEVILACQUA has been unable to generate current earnings which exceed 99% of his

basic monthly earnings due to the same injury or sickness.

18. Since approximately November 15, 2019, BEVILACQUA has been unable to perform all of the material duties of any gainful occupation, as such is defined by the policy.

19. At all relevant times, BEVILACQUA has been under the appropriate and regular care and treatment of a physician.

20. At all relevant times, BEVILACQUA was a Covered Person under the LTD Policy.

21. Shortly after becoming disabled, BEVILACQUA made a claim to OMAHA under the LTD Policy for disability benefits and benefits we eventually paid for the period of February 14, 2020 through February 13, 2022.

22. By letter dated January 25, 2022, BEVILACQUA was informed by OMAHA that his continued claim for LTD benefits was being denied beyond February 13, 2022 as OMAHA now found that he did not meet the policy definition of Disability or Disabled from any Gainful Occupation.

23. BEVILACQUA properly and timely submitted an appeal in response to OMAHA's January 25, 2022 denial letter.

24. By letter dated October 13, 2022, OMAHA notified BEVILACQUA that it was upholding its previous decision to deny LTD benefits beyond February 13, 2022 and that all administrative remedies had been exhausted.

25. At all relevant times, BEVILACQUA complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

26. From February 14, 2022 to the present date, BEVILACQUA has not received benefits owed to him under the LTD Policy despite BEVILACQUA's right to these benefits.

27. OMAHA has refused to pay BEVILACQUA's LTD benefits beyond February 13, 2022.

28. At all relevant times, OMAHA was the payer of benefits.

29. At all relevant times, OMAHA was the "Insurance Company" identified throughout the LTD Policy.

30. At all relevant times, OMAHA was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

31. At all relevant times, BEVILACQUA has been and remains Disabled and entitled to LTD benefits from OMAHA under the terms of the LTD Policy.

32. BEVILACQUA has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

33. BEVILACQUA incorporates Paragraphs 1 through 32 as if fully set forth herein.

34. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

35. Pursuant to 29 U.S.C. §1132(a)(1)(B), BEVILACQUA, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

36. BEVILACQUA has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of OMAHA's failure to pay his disability benefits beyond February 13, 2022.

37. BEVILACQUA has exhausted all administrative remedies under the LTD Policy.

38. Defendant breached the LTD Policy and violated ERISA in the following respects:

5

      (a)    Failing to pay LTD benefit payments to BEVILACQUA at a time when OMAHA knew, or should have known, that BEVILACQUA was entitled to those benefits under the terms of the LTD Policy, as BEVILACQUA was disabled and unable to work and therefore entitled to benefits.

      (b)    Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of BEVILACQUA's claim for LTD benefits;

      (c)    After BEVILACQUA's claim was terminated in whole or in part, OMAHA failed to adequately describe to BEVILACQUA any additional material or information necessary for BEVILACQUA to perfect his claim along with an explanation of why such material is or was necessary.

      (d)    OMAHA failed to properly and adequately investigate the merits of BEVILACQUA's disability claim and failed to provide a full and fair review of BEVILACQUA's claim.

39. BEVILACQUA believes and thereon alleges that OMAHA wrongfully terminated his claim for disability benefits under the LTD Policy by other acts or omissions of which BEVILACQUA is presently unaware, but which may be discovered in this future litigation and which BEVILACQUA will immediately make OMAHA aware of once said acts or omissions are discovered by BEVILACQUA.

40. Following the termination of benefits under the LTD Policy, BEVILACQUA exhausted all administrative remedies required under ERISA, and BEVILACQUA has performed all duties and obligations on his part to be performed under the LTD Policy.

41. As a proximate result of the aforementioned wrongful conduct of OMAHA, BEVILACQUA has damages for loss of disability benefits in a total sum to be shown at the time of trial.

42. As a further direct and proximate result of this improper determination regarding BEVILACQUA's claim for benefits, BEVILACQUA, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), BEVILACQUA is entitled to have such fees and costs paid by OMAHA.

43. The wrongful conduct of OMAHA has created uncertainty where none should exist, therefore, BEVILACQUA is entitled to enforce his rights under the terms of the LTD Policy and to clarify his right to future benefits under the terms of the LTD Policy.

## REQUEST FOR RELIEF

WHEREFORE, JOSEPH BEVILACQUA prays for relief against UNITED OF OMAHA LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: November 4, 2022

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com
